UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6003-CIV-ZLOCH/SORRENTINO
(CASE NO. 92-6052-CR-ZLOCH)

RICHARD T. MAGNOTTI,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

GOVERNMENT'S RESPONSE TO MOTION
TO VACATE, SET ASIDE OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. §2255

    The United States of America, by and through its undersigned Assistant United States Attorney, hereby responds to movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 as follows:

STATEMENT OF THE CASE

    On April 8, 1992, a federal grand jury at Fort Lauderdale, Florida, returned an indictment charging movant with one count of bank robbery, in violation of 18 U.S.C. §2113(a) (CR-DE 8).

    On May 29, 1992, movant changed his plea to guilty pursuant to a plea agreement. On August 14, 1992, movant was sentenced to seventy-seven months' imprisonment, followed by two years' supervised release.

    On June 1, 1998, this Court issued a warrant for movant's arrest for violation of his supervised release (CR-DE 31-34). On December 15, 1998, this Court revoked movant's supervised release

and sentenced movant to twenty-four months' imprisonment. The sentence was ordered to run consecutively to the sentence imposed in Case No. 98-6113-CR-DIMITROULEAS (CR-DE 42, 43).

On January 3, 2000, movant filed this §2255 motion. On February 1, 2000, Magistrate Judge Sorrentino ordered the government to respond to the motion on or before March 29, 2000.

## MEMORANDUM OF LAW

Movant argues that this Court imposed an illegal sentence upon revocation of his supervised release when it ordered that sentence to run consecutively to a sentence which had not yet been imposed in Case No. 98-6113-CR-DIMITROULEAS. In addition to the fact that movant's motion may be untimely, his argument is patently frivolous.

Title 28, United States Code, Section 2255 was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), P.L. 104-132, 110 Stat. 1214, which was signed into law on April 24, 1996. Section 105 of the AEDPA imposes a one-year "period of limitation" for the filing of §2255 motions. The limitation period runs from the "latest" of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

>        Supreme Court and made retroactively applicable to cases on collateral review; or
>
>        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

Because movant did not prosecute a direct appeal, his conviction became "final" ten days after he was sentenced on the violation of supervised release, or on or about December 25, 1998.[1] Movant did not file this §2255 motion within one year from the date his conviction became final, nor has he claimed or established that any of the remaining three situations in the statute cited above apply which would permit this late filing.[2]

Movant does, however, claim that this is his second attempt to file a §2255 motion in this case. Movant states that his first attempt was lost and not returned to him. He further claims that he was instructed to re-file the motion. Although movant refers to documents which were supposedly enclosed with this §2255 motion

---

[1] The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). A direct appeal must be filed within 10 days after the entry of the judgment and conviction. Fed.R.App.P. 4(b). Once a judgment is entered by a United States Court of Appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90-day time period runs from the date of entry of the judgment rather than the issuance of the mandate. Sup.Ct.R. 13.

[2] Movant's certified that he mailed the §2255 motion on December 28, 1999, which is three days beyond the one-year period of limitations.

which would support this claim, no documents were in fact attached. Therefore, the government submits that movant's motion is untimely and should be dismissed.

Assuming, <u>arguendo</u>, that the motion is deemed timely filed, it should be denied on the merits. Movant's claim that his sentence in this case was illegal because the Court ordered it to run consecutively to a sentence which had not yet been imposed in Case No. 98-6113-CR-DIMITROULEAS is frivolous. Movant provides no legal support for his proposition and, indeed, there is none.

There is ample support for ordering movant's sentences in this case and in Case No. 98-6113-CR-DIMITROULEAS to run consecutively to each other. Movant was sentenced upon the revocation of his supervised release in this case on December 15, 1998; he was sentenced in Case No. 98-6113-CR-DIMITROULEAS on February 25, 1999 for an unrelated offense. Title 18, U.S.C. §3584(a), instructs that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Judge Dimitrouleas did not order, nor could he as discussed below, that the sentence in his case be served concurrently with the sentence in this case. Thus, even if this Court had not specifically ordered the sentence in this case to run consecutively to the other case, the sentences would have run consecutively by operation of law.

Moreover, the Sentencing Guidelines require that consecutive sentences be imposed for a revocation of supervised release and any other criminal conduct that is the basis of the revocation,

-4-

regardless of the order in which the sentences are imposed. USSG §§5G1.3, comment. (n.6), 7B1.3(f) and comment. (n.4); see also, United States v. Flowers, 13 F.3d 395, 397 (11th Cir. 1994). Since movant's supervised release in this case was revoked based upon his criminal conduct in Case No. 98-6113-CR-DIMITROULEAS (CR-DE 31-34), consecutive sentences were required.

CONCLUSION

Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 should be dismissed as untimely. Alternatively, movant's motion should be denied on the merits for the reasons set forth herein.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BY: _____
THOMAS P. LANIGAN
ASSISTANT UNITED STATES ATTORNEY
COURT I.D. NO. A550003
500 E. BROWARD BOULEVARD
FT. LAUDERDALE  FL  33394
TEL. NO. (954) 356-7254
FAX NO. (954) 356-7336

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing response has been mailed, postage prepaid, this 29th day of March, 2000, to: Richard T. Magnotti, Reg. No. 29455-004, Seminole County Jail, 211 Bush Boulevard, Sanford, Florida, 32773.

THOMAS P. LANIGAN
ASSISTANT UNITED STATES ATTORNEY