UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6003-CIV-ZLOCH
(92-6052-CR-ZLOCH)
MAGISTRATE JUDGE SORRENTINO

RICHARD T. MAGNOTTI,           :

    Movant,                    :

v.                             :        REPORT OF
                                        MAGISTRATE JUDGE
UNITED STATES OF AMERICA,      :

    Respondent.                :

Richard Magnotti, a federal prisoner currently confined at the United States Penitentiary in Atlanta, Georgia, filed a pro se motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence imposed pursuant to revocation of his supervised release in Case No. 92-6052-Cr-Zloch.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

For its consideration of this motion, the Court has the government's response to an order to show cause and the underlying criminal file.



Magnotti claims that he received an unlawful sentence upon revocation of his term of supervised release, because the Court ordered that the sentence run consecutively to a sentence which had not then been imposed in unrelated Case No. 98-6113-Cr-Dimitrouleas.

Magnotti was charged by Indictment in Case No. 92-6052 with robbery of the Postal and Professional Credit Union in Margate, Florida, in violation of 18 U.S.C. §2113(a). (DE# 8). He pleaded guilty, pursuant to a written plea agreement, and the Court sentenced him to seventy-seven months imprisonment, followed by two years of supervised release. (DE#s 24, 25, and 29). Upon completion of his term of imprisonment, Magnotti began serving his term of Supervised release on April 27, 1998. (DE# 30). On May 27, 1998, the Court issued an arrest warrant for violation of the term of supervised release. (DE# 31).

Less than two months after Magnotti was placed on supervised release, he committed two separate bank robberies. He was charged by Indictment in Case No. 98-6113-Cr-Dimitrouleas with robbery of the Postal and Professional Credit Union in Margate, Florida on May 28, 1998, and robbery of the California Federal Bank. (Case No. 98-6113-Cr-Dimitrouleas, DE# 1). He pleaded guilty to the Indictment on November 16, 1998. (DE# 25).

On December 15, 1998, the Court revoked the supervised release in Case No. 92-6052-Cr-Zloch, and committed Magnotti to the custody of the Bureau of Prisons for a term of twenty-four months. (DE# 43). The sentence was ordered to run consecutively to the sentence to be imposed in Case No. 98-6113-Cr-Dimitrouleas. The sentence in Case No. 98-6113-Cr-Dimitrouleas was not imposed until February 25, 1999. (DE# 32). This motion to vacate ensued.

Magnotti argues that the Court erred when it ordered the sentence for violation of supervised release to run consecutively to the sentence to be imposed in unrelated Case No. 98-6113-Cr-Dimitrouleas, because he had not yet been sentenced in that case.

Title 18 U.S.C.§3584(a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Sentencing Guideline §5G1.3, application note 6, provides that a defendant who was on supervised release which is subsequently revoked should receive a consecutive sentence for the new offense. Sentencing Guideline §7B1.3(f) provides that "any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct

3

that is the basis of the revocation of probation or supervised release."

Magnotti was not sentenced to a consecutive term of imprisonment in Case No. 98-6113-Cr-Dimitrouleas. It is clear, however, that the sentences in each case should have been imposed to run consecutively. Whether the consecutive sentence resulted from the new case or the violation of supervised release, a consecutive sentence was proper. Magnotti committed two criminal offenses soon after he was placed on supervised release, and he was properly sentenced to serve consecutive sentences for violating supervised release and committing new offenses. He is not entitled to relief on his claim.

It is therefore recommended that this motion to vacate sentence be denied.

Objections to this report may be filed with the Chief Judge within ten days of receipt of a copy of the report.

Dated: August 7, 2000

_____
UNITED STATES MAGISTRATE JUDGE

cc: Richard T. Magnotti, <u>Pro Se</u>
    Reg. No. 29455-004
    United States Penitentiary
    P. O. Box PMB
    601 McDonough Blvd., S.E.
    Atlanta, GA 30315

    Thomas P. Lanigan
    Assistant United States Attorney
    500 E. Broward Boulevard
    Fort Lauderdale, FL 33394