RICHARD T. MAGNOTTI
MOVANT,
V.
UNITED STATES of AMERICA
Respondent.

CASE N°. 00-6003-CIV-Zloch
(92-6052-CR-Zloch)
MAGISTRATE Judge Sorrentino

AUG 16 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## OBJECTION TO Report of MAGISTRATE Judge

This is the timely response to Report of Magistrate Judge Sorrentino dated 8/7/00, recieved 8/10/00 by MOVANT.

1) MOVANT takes issue 1ST with the fact that although the Hon Judge Sorrentino refers to the Governments response to Show Cause Order in consideration of movants motion and bases her decision in part on that response, movant did not receive any copy of said Government response and now is without benefit of perusal of said response and limited in rebuttal of same. (See NOTATION #1 as marked on copy of "Report of magistrate Judge")

2) MOVANT CONCURS AND ACCEPTS AS FACT NOTATION'S # 3, 4 + 5 of copy of Report of magistrate Judge

3) MOVANT REQUESTS ATTENTION now to NOTATION #6, (as high lighted), AND will at this point stress ARgument of validity AND merit of issue RAised in 2255 AS follows:

COPIES NOT PROVIDED

14

# ARGUMENT

A.) In Notation #6 (→) "Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment _that the defendant is serving_."(←).^A) The defendant was not serving any sentence at the time sentence was imposed

B.) Again referring to NOTATION #6, "multiple terms of imprisonment imposed at different times run consecutively unless court orders that the terms are to run concurrently."^B) Movant further argues now at this point that the deciding structure, and decision on how the sentence(s) were to run, should have been determined by the Hon. Judge Dimitrouleas at sentencing on February 25, 1999, AND NOT by the Hon. Judge Zloch 2 months previous on December 15, 1998.

C.) The Hon. Judge Zloch was very very reluctant in imposing sentence with a stipulation of consecutive, and only did so after debate, and argument for it, with A.O.A. Mr. Lanigan.

## ARGUMENT (CONT'D)

D.) Movant now requests the Court take a review of the (enclosed) Order dated the 10th of February, 2000, issued by the Hon District Court Judge Patricia Fawsett. Please note that movant was serving concurrent prison terms, AND supervised releases associated with those terms, so that makes relevant the enclosed Order, and the structure of imposition of that sentence, in regards to the matter at hand.

1) The Hon. Judge Fawsett imposed her sentence to run concurrent to both, case # 98-6113-CR-Dimit., AND 92-6052-CR-Zloch. That fact complies and meets the necessary requirement of, "unless the Court orders to run the sentences concurrantly". Judge Fawsett, being the last Federal District Court Judge to impose a sentence on movant, and the fact that the Hon. Judge Dimitrouleas did not specify consecutive, greatly magnifies the error of the Hon. Judge Zloch, imposing his sentence consecutively, prematurely and prior to, any imposed term of imprisonment. Defendant/movant was not serving any term of imprisonment on December 15, 1998.

## CONCLUDING SUMMARY

The Hon. Judge Zloch imposing sentence with stipulation of "consecutive to the sentence to be imposed", is in error. Zloch's sentence should have been imposed and the structure of how the sentence "to be imposed" in case #98-6113-CR-Dimit. should have been determined during sentencing on the latter case (#98-6113-CR-Dimit.). Being the Hon. Judge Dimitrouleas did not specify how that sentence was to be served in regards to the previous imposed sentence by the Hon. Judge Zloch, then the Hon. Judge Fawsett's order of February 10, 2000, would clearly and legally align the structure of all 3 sentences and they would be running concurrently.

Movant further argues that order of sentencing by Judge Zloch, then Judge Dimitrouleas, and then lastly by Judge Fawsett would be the natural and proper order of sentencing, with Judge Dimitrouleas, and then subsequently Judge Fawsett, to determine how one sentence was to run in regards to the others. Judge Zloch being the 1st to impose sentence, improperly encroached upon the subsequent Judges authority to determine how their sentences were to run and took away their discretion in deciding sentence structure. The Hon. Judge Dimitrouleas' failure to specifically order his sentence consecutively then left Judge Fawsett's order of 2/10/00 as the controlling order

## Concluding Summary (Continued)

Movant requests the Hon. Chief U.S. District Court Judge to allow 2255 motion in this cause to be heard and reviewed by the Hon. Judge Zloch to allow him to determine whatever relief, if any, should be allowed.

Movant further cites the Hon. Judge Zloch's reluctance to add a stipulation of "consecutive to any sentence imposed in case # 98-6113-CR-Dimit." and his doing so ONLY with reservation after strenuous debate, and argument, with A.D.A. Mr. Lanigan to do so. Movant concludes lastly that issue raised on 2255 motion is valid, relevant and meritorious in content, and requests that his motion and issue in 2255 at least be entertained and decided by the Hon. District Court Judge Zloch who presided over all proceedings in the challenged sentence. Movant requests the Hon. Chief U.S. District Court Judge allow the Hon. Judge Zloch to have the final decision in regards to this matter.

## Certificate of Service

MOVANT, RICHARD T. MAGNOTTI, ACTING Pro Se in the aforementioned 2255 motion, has on this date, 8/14/00, sent via U.S. mail, copies of this "Objection to Report of Magistrate Judge", to the following concerned parties:

U.S. District Court
Southern District of Florida
Federal Courthouse Square
301 N. Miami Ave. Rm 150
Miami, FL. 33128-7788
1) Chief U.S. District Court Judge
2) Hon. Magistrate Judge Sorrentino

3) U.S. Attorney Attn: Roberto Greenspan
   99 N.E. 4th St. Miami, FL. 33132

4.) U.S. Attorney Attn: Thomas P. Lanigan
    500 E. Broward Blvd.
    Ft. Lauderdale, FL.

Richard T. Magnotti
#29455-004
U.S. Penitentiary
Box PMB
601 McDonough Bl. S.E.
Atlanta, GA. 30315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6003-CIV-ZLOCH
    (92-6052-CR-ZLOCH)
MAGISTRATE JUDGE SORRENTINO

RICHARD T. MAGNOTTI,            :

        Movant,                 :

v.                              :       REPORT OF
                                        MAGISTRATE JUDGE
UNITED STATES OF AMERICA,       :

        Respondent.             :
_____

Richard Magnotti, a federal prisoner currently confined at the United States Penitentiary in Atlanta, Georgia, filed a pro se motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence imposed pursuant to revocation of his supervised release in Case No. 92-6052-Cr-Zloch.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

For its consideration of this motion, the Court has the government's response to an order to show cause and the underlying criminal file.

(#2) Magnotti claims that he received an unlawful sentence upon revocation of his term of supervised release, because the Court ordered that the sentence run consecutively to a sentence which had not then been imposed in unrelated Case No. 98-6113-Cr-Dimitrouleas.

(#3) Magnotti was charged by Indictment in Case No. 92-6052 with robbery of the Postal and Professional Credit Union in Margate, Florida, in violation of 18 U.S.C. §2113(a). (DE# 8). He pleaded guilty, pursuant to a written plea agreement, and the Court sentenced him to seventy-seven months imprisonment, followed by two years of supervised release. (DE#s 24, 25, and 29). Upon completion of his term of imprisonment, Magnotti began serving his term of Supervised release on April 27, 1998. (DE# 30). On May 27, 1998, the Court issued an arrest warrant for violation of the term of supervised release. (DE# 31).

(#4) Less than two months after Magnotti was placed on supervised release, he committed two separate bank robberies. He was charged by Indictment in Case No. 98-6113-Cr-Dimitrouleas with robbery of the Postal and Professional Credit Union in Margate, Florida on May 28, 1998, and robbery of the California Federal Bank. (Case No. 98-6113-Cr-Dimitrouleas, DE# 1). He pleaded guilty to the Indictment on November 16, 1998. (DE# 25).

2

#5) On December 15, 1998, the Court revoked the supervised release in Case No. 92-6052-Cr-Zloch, and committed Magnotti to the custody of the Bureau of Prisons for a term of twenty-four months. (DE# 43). The sentence was ordered to run consecutively to the sentence to be imposed in Case No. 98-6113-Cr-Dimitrouleas. The sentence in Case No. 98-6113-Cr-Dimitrouleas was not imposed until February 25, 1999. (DE# 32). This motion to vacate ensued.

Magnotti argues that the Court erred when it ordered the sentence for violation of supervised release to run consecutively to the sentence to be imposed in unrelated Case No. 98-6113-Cr-Dimitrouleas, because he had not yet been sentenced in that case.

#6  Title 18 U.S.C. §3584(a) provides that B "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." B) Sentencing Guideline §5G1.3, application note 6, provides that a defendant who was on supervised release which is subsequently revoked should receive a consecutive sentence for the new offense. Sentencing Guideline §7B1.3(f) provides that A→ "any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, A) whether or not the sentence of imprisonment being served resulted from the conduct

3

that is the basis of the revocation of probation or supervised release."

Magnotti was not sentenced to a consecutive term of imprisonment in Case No. 98-6113-Cr-Dimitrouleas. It is clear, however, that the sentences in each case should have been imposed to run consecutively. Whether the consecutive sentence resulted from the new case or the violation of supervised release, a consecutive sentence was proper. Magnotti committed two criminal offenses soon after he was placed on supervised release, and he was properly sentenced to serve consecutive sentences for violating supervised release and committing new offenses. He is not entitled to relief on his claim.

It is therefore recommended that this motion to vacate sentence be denied.

Objections to this report may be filed with the Chief Judge within ten days of receipt of a copy of the report.

Dated: August 7, 2000

_____
UNITED STATES MAGISTRATE JUDGE

RECEIVED
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FEB 11 '00 ORLANDO DIVISION

FILED
00 FEB 10 PH 2: 59
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA
ORLANDO, FL.

vs.                                     CASE NO. 6:92-CR-42-ORL-19C

RICHARD THOMAS MAGNOTTI

_____

## ORDER

This case was considered by the Court on Petition on Probation and Supervised Release (Doc. No. 50, filed September 2, 1999), Report and Recommendation of the United States Magistrate Judge (Doc. No. 58, filed December 8, 1999), and Order to Show Cause at Final Revocation Hearing (Doc. No. 59, filed January 24, 2000) at a hearing held Thursday, February 10, 2000 attended by Defendant, counsel for Defendant and counsel for the Government. Upon hearing the matters presented, it is **ORDERED:**

1.  The Report and Recommendation of the United States Magistrate Judge (Doc. No. 58) is **ADOPTED AND APPROVED,** there being no objection filed.

2.  The Petition on Probation and Supervised Release (Doc. No. 50) is **GRANTED,** and the Defendant's supervised release (Doc. No. 48, filed July 27, 1995) is **REVOKED.**

3.  Defendant shall be committed to the custody of the United States Bureau of Prisons to be incarcerated for a term of **24 months.** It is requested but not required that Defendant be placed in a facility where he may receive therapy and treatment for substance abuse. The sentence imposed herein shall be served concurrently with the sentence imposed

AO 72A
(Rev.8/82)

in Case Number 98-6113-CR-Dimitrouleas and the sentence imposed in Case Number 92-6052-CR-ZLOCK or with either such sentence if one of them is reversed or vacated on appeal or collateral attack. The Defendant shall be immediately **REMANDED** to the custody of the United States Marshal to await designation of a facility for service of this sentence.

3. In all other respects the Amended Judgment in a Criminal Case (Doc. No. 48) remains in full force and effect.

4. Upon service of the sentence herein, Defendant shall be discharged from further jurisdiction of this Court in this case.

5. Defendant has been advised of his right to appeal.

**DONE AND ORDERED** at Orlando, Florida, this 10th day of February, 2000.

PATRICIA C. FAWSETT
UNITED STATES DISTRICT JUDGE

Copies to:

Assistant United States Attorney
Attorney for Defendant
United States Marshal
United States Probation
United States Pretrial Services
Defendant

I certify the foregoing to be a true and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida

By: _____
Deputy Clerk